WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

The United States of America )
for the use and benefit of )
U.S. Prefab, Inc., an Arizona )
corporation, )
                             )
                Plaintiff,   )      No. CIV 06-1598-PHX-RCB
                             )
        vs.                  )           O R D E R
                             )
Norquay Construction, Inc.,  )
an Arizona corporation; and  )
Safeco Insurance Company of  )
America, dba Safeco Surety, a )
foreign corporation,         )
                             )
                Defendants.  )
_____ )

    After prevailing on their motion for summary judgment,
defendants Norquay Construction Company ("Norquay") and Safeco
Surety ("Safeco") filed the present motion in accordance with
LRCiv. 54.2 seeking $20,140.00 in attorneys' fees.  Mot. (doc. 35)
at 7.  Defendants are relying upon a contractual attorneys' fees
provision.  Alternatively, they are relying upon A.R.S. § 12-
341.01(A) which authorizes an award of attorneys' fee to "the
successful party . . . [i]n any contested action arising out of a

1  contract[.]" Id. (West 2003).  Plaintiff, U.S. Prefab, opposes this
2  motion asserting that it is "not properly supported[;]" and the
3  amount sought is "unreasonable[.]"  Resp. (doc. 37) at 1.
4  Defendants counter, in sum, that plaintiff's "objections are
5  undeserving of consideration by the Court[,]" and they request an
6  additional $1,400.00 for attorneys' fees incurred in replying to
7  plaintiff's objections.  Reply (doc. 38) at 8.
8       For the reasons set forth below, the court does not find
9  convincing either of plaintiff's opposition arguments. Therefore,
10 the court awards defendants the full amount of the fees which they
11 are seeking by this motion.

12                              ***Background***

13      Norquay and Prefab entered into a subcontract on July 12,
14 2005, wherein Prefab agreed to install carports at the United
15 States Bureau of Reclamations' Phoenix area office headquarters.
16 Defs'. Statement of Facts ("DSOF") (doc. 18), exh. 1 thereto at 1.
17 When Prefab was nearing completion of that project, a dispute arose
18 between it and Norquay over charges of $18,675.36 in excess of the
19 base contract price due to alleged "hard dig" conditions
20 encountered by Prefab while drilling in the parking areas.  Id.,
21 exh. 5 thereto at 3.  The parties attempted to resolve this dispute
22 short of litigation, but were not successful.

23      On June 22, 2006, Prefab commenced the present action against
24 Norquay alleging breach of contract.  Pursuant to the Miller Act,
25 40 U.S.C. § 3131 et seq., Prefab further alleged that defendant
26 Safeco was liable as Norquay's surety.  Prefab sought to recover
27 "the principal sum of $30,053.61" for "materials and services
28 furnished[.]"  Co. (doc. 1) at 2, ¶ 4.  Prefab also sought interest

1   on that amount "at the rate of two percent . . . per month from

2   April 15, 2006, until paid[.]" <u>Id.</u> at 5, ¶ 1.   In accordance with

3   the terms of the bond, Safeco tendered the defense of the bond

4   claim to Norquay, which Norquay accepted, as it had an obligation

5   to under the bond.   After engaging in some discovery, defendants

6   moved for summary judgment.   The court granted that motion and

7   entered judgment dismissing plaintiff's complaint in its entirety.

8   Defendants then filed the present motion seeking the attorneys'

9   fees incurred in the defense of this action.

10                              ***Discussion***

11  ***I.   Procedural Requirements***

12       Before turning to the merits of defendants' fee motion, the

13  court observes that they have complied with the mandatory

14  procedural requirements of LRCiv. 54.2.   <u>See</u> <u>Societe Civile</u>

15  <u>Succession Richard Guino v. Beseder Inc.</u>, 2007 WL 3238703, at *7

16  (D.Ariz. 2007) ("These requirements [of LRCiv. 54.2] are not

17  advisory, but mandatory to support an award of attorneys'

18  fees[.]").   As LRCiv. 54.2(c)(1)-(3) requires, defendants timely[1]

19  filed this motion which includes a memorandum of points and

20  authorities discussing, in the required sequence and with the

21  required corresponding headings, the following: (1) "eligibility,"

22  (2) "entitlement," and (3) "reasonableness of requested award."

23  <u>See</u> Mot. (doc. 35) at 2-7.   Defendants also submitted the following

24  "supporting documentation" as LRCiv. 54.2(d) and (e) mandates: (1)

25

26

27        [1]     Judgment was entered on June 26, 2007 (doc. 34), and defendants filed
28  this motion on July 10, 2007 (doc. 35), within the 14 day time frame set forth in
    Fed. R. Civ. P. 54(d)(2)(B).

a statement of consultation;[2] (2) an attorney affidavit explaining the oral fee agreement between defense counsel and Norquay; (3) a task-based itemized statement of fees in chronological order; (4) and an affidavit of moving counsel.  Mot. (doc. 35), exhs. B (doc. 35-3); C (doc. 35-4); and D (doc. 35-5) thereto.  Further, defendants' "Task-Based Itemized Statement of Attorneys' Fees" comports with LRCiv. 54.2(e) as to format and in terms of the "description of services rendered."  Likewise, the fee application, as it must, "adequately describe[s] the services rendered so that the reasonableness of the charge can be evaluated."  LRCiv. 54.2(e)(2); see also Hummingbird Defense Systems, Inc., 2007 WL 4200751, at *4 (D.Ariz. 2007) (quoting Schweiger v. China Doll Restaurant, Inc., 673 P.2d at 932) ("'In order to make a determination that the hours claimed are justified, the fee application must be in sufficient detail to enable the court to assess the reasonableness of the time incurred.'").

## II.  *"Eligibility"*

F.D. Rich Co. V. United States ex rel. Indus. Lumber Co., 417 U.S. 116, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974), "serves as the starting point for consideration of attorneys' fees in Miller Act cases."  United States ex rel. Reed v. Callahan, 884 F.2d 1180, 1185 (9th Cir. 1989).  Noting that the Miller Act does not provide for the recovery of attorneys' fees, the Supreme Court in F.D. Rich applied the "American Rule" which "generally precludes an award of

---

[2]     In his "Statement of Consultation" dated June 29, 2007, attorney Diekemper indicates that he "attempted to consult with opposing counsel . . . on July 27, 2007[.]" Mot. (doc. 35), exh. B thereto (doc. 35-3).  Presumably the latter date is a typographical error given the date of the Statement, and the attempted consult was actually on June 27, 2007.

1  attorneys' fees absent statutory authorization or an enforceable

2  contractual fees provision[.]" <u>Golden Pisces v. Fred Wahl Marine</u>

3  <u>Const.</u>, 495 F.3d 1078, 1081 (9th Cir. 2007) (citations omitted).

4  Based upon that rule, the <u>F.D. Rich</u> Court held that although

5  successful, the plaintiff was not entitled to an attorneys' fee

6  award because neither the Miller Act nor the contract provided for

7  such an award.  <u>F.D. Rich</u>, 417 U.S. at 127-131, 94 S.Ct. at 2162-

8  2164.

9       Factually distinguishing <u>F.D. Rich</u>, the Ninth Circuit in

10 <u>Callahan</u> held that because the subcontract at issue included a

11 specific clause authorizing an award of attorneys' fees, the

12 successful Miller Act litigant was entitled to recover those fees.

13 <u>Callahan</u>, 884 F.2d at 1185.  Similarly, the subcontract between

14 Norquay and Prefab included a provision expressly allowing for the

15 recovery of attorneys' fees.  That provision states in relevant

16 part as follows:

17          Should either party employ an attorney to institute
           suit . . . to enforce any of the provisions hereof,
18         to protect its interest in any matter arising under
           this Agreement, or to collect damages for the breach
19         of the Agreement or to recover on a surety bond
           given by a party under this Agreement, *the prevailing
20         party shall be entitled to recover reasonable attorney's
           fees*, costs, charges and expenses expended
21         over [sic] incurred therein.

22 DSOF, exh. 1 (doc. 18-2) thereto at 10, Article 14.4 (emphasis

23 added).  Thus, the present case falls into the contract exception

24 to the American Rule pertaining to the recovery of attorneys' fees.[3]

25 _____

26       [3]   Because the court has determined that the subcontract governs the
   attorneys' fee issue herein, it is not essential to consider defendants'
27 alternative argument that they are entitled to recover those fees under A.R.S. §
   12-341.01(A).  The court observes, however, that in <u>F.D. Rich</u> the Supreme Court
28 "thought it best 'to extricate the federal courts from the morass' of state law
   regarding attorneys' fees."  <u>U.S. ex rel. EPC Corp. v. Travelers Cas. & Sur. Co.</u>

1    The Ninth Circuit has "long held that state law controls the

2  interpretation of Miller Act subcontracts to which the United

3  States is not a party[,]" such as the subcontract between Norquay

4  and Prefab.  See Callahan, 884 F.2d at 1185 (citation and footnote

5  omitted).  Thus, "[l]like a court sitting in diversity, . . . the

6  law of the forum state" governs the construction of this

7  subcontract.  See Callahan, 884 F.2d at 1185.  Therefore, the court

8  must apply Arizona law here.  See Palmer Constr., Inc. v. Cal State

9  Elec., Inc., 940 F.2d 1260, 1264 (9th Cir. 1991) (citation omitted)

10  (Miller Act case applying California law to subcontract authorizing

11  attorney fee award to prevailing party).

12  ### III.  "Entitlement"

13    Norquay asserts that it is entitled to recover attorneys' fees

14  for the 107.20 hours expended by three attorneys and one paralegal[4]

15  because it "was 100% successful in defeating plaintiff's claims."

16  Mot. (Doc. 35) at 3.  Approximately 13 of those hours were devoted

17  to preparation of this fee motion.  See id., exh. A thereto (doc.

18  35-2) at 17-18.  Defendants also are seeking $1,400.00 in fees for

19  time expended in preparing a reply to plaintiffs' response.  See

20  Resp. (doc. 38) at 8; and exh. A thereto (doc. 38-2) (itemized

21  billing statement).  Putting aside for the moment the issue of the

---

23  of America, 423 F.Supp.2d 1016, 1025 (D.Ariz. 2006) (quoting F.D. Rich, 417 U.S.
   at 128, 94 S.Ct. 2157).  Employing that rationale, the court in EPC Corp. held that
24  even if it was "ultimately successful at trial[,]" a subcontractor in a Miller Act
   case was not entitled to an attorneys' fee award under that Act.   Id.   That
25  rationale applies with equal force here.  Consequently, there is, in any event, no
   basis for defendants' alternative argument.

26      [4]   In an effort to show the unreasonableness of the hours expended,
27  plaintiff mistakenly states that there were "five billing professionals" on this
   case, when, in fact, there were only four.  See Resp. (doc. 37) at 3.  This
   disparity probably comes from the fact that attorney Blunck is listed twice due to
28  her differing hourly rates.

reasonableness of the requested fees, the court agrees that
defendants' fee request properly includes fees for preparing this
motion, as well as fees for preparing the reply.  See Dahn World
Co. Ltd. v. Chung, 2006 WL 3313951, at * 6 (D.Ariz. 2006)
(awarding, inter alia, $4,000.00 "in attorney fees for the work
performed on the motion for attorney fees and expenses[]"); and
Foraker v. Apollo Group, Inc., 2007 WL 2081465, at *2 (D.Ariz.
2007) (awarding $641 for fees "incurred [in] submitting the
response to Defendants' objection to Plaintiff's supplemental fee
application[]").

**IV.   _"Reasonableness of Requested Award"_**

Having found that defendants are eligible for and entitled to
an award of attorneys' fees, the court must next decide whether the
requested amount is reasonable.  Reasonableness has two parts.
First, the court must determine the reasonableness of the hourly
billing rate.  Schweiger, 138 Ariz. at 187, 673 P.2d at 931 ("The
beginning point in a development of a reasonable fee is the
determination of the actual billing rate which the lawyer charged
in the particular matter.")  Second, it must determine the
reasonableness of the hours expended on the case.  Id. at 188, 673
P.2d at 932.  Informing this inquiry is the general proposition
that "[t]he prevailing party . . . is 'entitled to recover a
reasonable attorney's fee for every item of service which, at the
time rendered, would have been undertaken by a reasonable and
prudent lawyer to advance or protect his client's interest[.]'" Id.
(quoting Twin City Sportservice v. Charles O. Finley & Co., 676
F.2d 1291, 1313 (9th Cir. 1982)).  It is against this legal backdrop
which the court has carefully reviewed the parties' respective

- 7 -

1   motion submissions, paying particular attention to defendants'

2   "Task-Based Itemized Statement of Attorneys' Fees."

3       ***A.  Hourly Billing Rate***

4       As to the hourly billing rate, "[u]nder Arizona law, 'in

5   corporate and commercial litigation between fee-paying clients,

6   there is no need to determine the reasonable hourly rate prevailing

7   in the community for similar work because the rate charged by the

8   lawyer to the client is the best indication of what is reasonable

9   under the circumstances of the particular case.'" Hummingbird

10  Defense Systems, Inc. v. Ye, 2007 WL 4200751, at *4 (D.Ariz. 2007)

11  (quoting Schweiger, 138 Ariz. at 187-188, 673 P.2d at 931-932).

12  Here, attorney Kent A. Lang avers that the firm of Lang & Baker,

13  PLC has an "oral fee agreement" with defendant Norquay, and has

14  represented it "for more than five years."  Aff. of Kent A. Lang

15  (doc. 35-4) at 1, ¶¶ 1 and 2.  Attorney Lang further explains that

16  "[t]he firm's bills to Norquay are based upon the prevailing hourly

17  rates of the individual attorneys who render services."  Id. at 1-

18  2, ¶ 2.

19      Three defense attorneys worked on this litigation, each with

20  different billing rates.  Mr. Lang's hourly rate is $275.00.  Mot.

21  (doc. 35) at 4.  Mr. Diekemper's hourly rate is $200.00.  Id.  A

22  portion of Ms. Blunck's time was billed at $170.00 per hour, and a

23  portion at $150.00.  Id.  One paralegal also worked on this action

24  and her hourly rate is $70.00.  Id.  A review of attorney Blunck's

25  affidavit detailing her own legal education and experience, as well

26  as that of attorneys Lang and Diekemper, combined with the court's

27  independent knowledge of hourly rates in the Phoenix area for

28  lawyers with comparable education and experience, performing

- 8 -

1   comparable tasks, readily supports a finding that these hourly

2   rates are reasonable.  The fact that Norquay "has actually paid or

3   agreed to pay all attorneys' fees . . . incurred in this litigation

4   by . . . Norquay and Safeco, including all those itemized in the

5   task-based itemization[,]" bolsters this finding of reasonableness.

6   Mot. (doc. 35), exh. C thereto (Lang Aff.) at 2, ¶ 4.  Evidently

7   plaintiff agrees as it is not contesting the hourly billing rates.

8   Therefore, any fees awarded herein will be based upon the rates

9   which defendants are seeking.

10              ***B.  Hours Reasonably Expended***

11       The bulk of the time for which defendants are seeking to

12   recover was expended by attorney Diekemper - 83.0 hours.  Mot.

13   (doc. 35) at 4.  Additionally, attorney Blunck expended a total of

14   17.1[5] hours, attorney Lang expended 1.6 hours, and a paralegal

15   expended 5.5 hours on this case.  <u>Id.</u>  Multiplying the total number

16   of hours billed (107.20) by the hourly rates specified above,

17   initially defendants sought $20,140.00 in attorneys' fees.  Since

18   then however, as mentioned earlier, now defendants are also seeking

19   $1,400.00 for the 7 hours attorney Diekemper expended in preparing

20   defendants' reply.

21       Plaintiff's primary objection to this fee request is that

22   defense counsel spent "an inordinate amount of time . . . on

23   several tasks[,]" and thus the hours expended were not reasonable.

24   Resp. (doc. 37) at 4.  Contending that defendants did not address

25   some of the reasonableness factors mentioned in <u>Schweiger</u>, 138

26

27       [5]     Of attorney Blunck's hours, 9.6 were billed at an hourly rate of
28   $150.00, while the remaining 7.5 were billed at an hourly rate of $170.00.  Mot.
     (doc. 35) at 4.

1  Ariz. at 187, 673 P.2d at 931, (many of which are also listed in
2  LRCiv. 54.2(c)(3)), plaintiff further asserts that the court should
3  "discount the attorneys fees" sought on that basis alone.  <u>Id.</u>
4  Finally, by plaintiff's estimation "the fees sought exceed the
5  amount in dispute."  <u>Id.</u> at 5.  Thus plaintiff asserts that there
6  is a danger of "the attorney fees becoming the tail wagging the
7  dog."  <u>Id.</u>  In light of the foregoing, plaintiff maintains that a
8  reasonable fee here is "no greater than $5,000."  <u>Id.</u>

9       Describing plaintiff's objections as "broad" and
10 "insufficiently specific[,]" defendants retort that those
11 "criticisms" do not support denying or reducing the requested fees.
12 Reply (doc. 38) at 3.  Defendants add that in part because
13 plaintiff "bypassed several opportunities" to settle its claim,
14 seemingly it "was proceeding not on the strength of its claim, but
15 rather on the commonly-held but wrongheaded theory that a
16 defendant, even with knowledge that it will likely win the lawsuit,
17 will pay at least a portion of the plaintiff's claim if it appears
18 the [defense] fees . . . will exceed the amount to settle."  <u>Id.</u> at
19 2.  This tactic should not be countenanced by denying or reducing a
20 fee award, defendants argue.

21      Plaintiff's attacks on the reasonableness of defendants'
22 requested fees fail on several counts.  First, it is true that
23 defendants did not address all of the factors which LRCiv.
24 54.2(c)(3) lists.  Defendants' failure to address all of those
25 factors is not dispositive of this motion, however.  Nor, despite
26 plaintiff's assertion, does that failure provide a sufficient basis
27 for reducing the requested attorneys' fees.

28      LRCiv. 54.2(c)(3), like <u>Schweiger</u>, contemplates a flexible

approach to the reasonableness inquiry.  More specifically, that

Rule expressly states that when discussing the "[r]easonableness of

[a] [r]equested [a]ward[,]" counsel "should discuss, *as*

*appropriate*, the various factors bearing on the reasonableness of

the requested attorneys' fee award[.]"  LRCiv. 54.2(c)(3) (emphasis

added).  Plainly not every fee application implicates every one of

the 13 factors set forth in LRCiv. 54.2(c)(3).  In their supporting

memorandum and reply, defendants did discuss the various, relevant

"factors bearing on the reasonableness of the requested attorneys'

fee award.  See Mot. (doc. 35) at 4-6; and Reply (doc. 38) at 7-8.

Thus, there is no basis for plaintiff's assertion that the court

should deny or at least reduce the fees requested herein because

defendants did not address all of the LRCiv. 54.2(c)(3) factors.

Second, the court agrees with defendants that plaintiff's

objections are not sufficiently specific so as to warrant denying

or reducing the requested fees.  "Once a party submits an itemized

list of fees with sufficient detail and establishes entitlement to

fees," as defendants have done here, "the burden shifts to the

party challenging the fees to show that the fees are unreasonable."

Best Western International, Inc. v. Patel, 2008 WL 544820, at *4

(D.Ariz. 2008) (citing Nolan v. Starlight Pines Homeowners Ass'n,

216 Ariz. 482, 167 P.3d 1277, 1286 (Ariz.Ct.App. 2007)).

Significantly, "[a]n opposing party does not meet [that] burden

merely by asserting broad challenges to the application."  Nolan,

216 Ariz. at 491, 167 P.3d at 1286 (internal quotation marks and

citations omitted).  Therefore, "[i]t is not enough . . . simply to

state, for example, that the hours claimed are excessive and the

rates submitted too high."  Id. (internal quotation marks and

1  citations omitted).  Rather, as the party opposing this fee

2  request, it is incumbent upon plaintiff to "present *specific*

3  objections to the reasonableness of the fees requested."  See id.

4  (emphasis added).  Indeed, quite recently, the court in Best

5  Western awarded "Defendants the full amount of attorney's fees

6  sought[]" where "[p]laintiff . . . failed to meet th[is] burden[.]"

7  Best Western, 2008 WL 544820, at *5; see also Nolan, 216 Ariz. at

8  491, 167 P.3d at 1286 (no abuse of discretion in awarding

9  attorneys' fees where, *inter alia*, plaintiffs "argued generally

10  that [defense] counsel spent excessive time defending the case and

11  questioned the necessity of various aspects of counsel's work[]").

12       Plaintiff did not specifically object to any single billing

13  entry in defendants' 18 page Task-Based Itemized Statement of

14  Attorneys' Fees.  Instead, plaintiff's main objections are framed

15  in terms of blocks of billing time.  To illustrate, rather than the

16  8.3 hours supposedly expended in preparing an answer, plaintiff

17  asserts that "no greater than 3 hours[]" should have been expended

18  on that task.  Resp. (doc. 37) at 4.  In a similar vein,

19  interpreting defense counsel's billing records as expending "more

20  than 40 hours . . . primarily" preparing a summary judgment motion,

21  plaintiff asserts that "[a] more reasonable time . . . is not more

22  than 10 hours."  Id.  Likewise, plaintiff claims that the

23  expenditure of "12 plus hours" on this fee motion "is more than 3

24  times what was called for."  Id. at 5.

25       These broad challenges to the reasonableness of the hours

26  expended does not, in this court's view, satisfy plaintiff's burden

27  in opposing this fee motion.  In the first place, plaintiff offers

28  no rationale for why its suggested times for the completion of a

- 12 -

given task are reasonable, while the time actually expended is not. Therefore, it strikes the court that not only are plaintiff's objections not specific enough, the times which it is assigning to a given task are somewhat arbitrary.

Second, by focusing on blocks of time rather than upon single billing entries, plaintiff has mischaracterized defendants' billing records.   Between September 21, 2006 and February 7, 2007, defendants did not, as plaintiff puts it, "log[] . . . more than 40 hours . . . , primarily in connection with . . . prepar[ing] . . . the Motion for Summary Judgment."  Resp. (doc. 37) at 4.  Close scrutiny of the billing records during that timeframe shows that defense counsel were not only preparing a summary judgment motion, but they also were performing a host of other legal "service[s] which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest[.]'" Schweiger, 138 Ariz. at 188, 673 P.2d at 932 (quoting Twin City Sportservice, 676 F.2d at 1313).  Following is a representative sampling of some of the non-summary judgment related tasks which defense counsel performed during the relevant time frame: preparing the initial disclosure statement and attendant tasks, see, e.g., mot. (doc. 35), exh. A thereto (doc. 35-2) at 4 (entries for 9/27/06 and 9/28/06); reviewing the subject contract regarding limits on assignment and transferability of mediation rights, id., exh. A thereto (doc. 35-2) at 5 (entry 10/9/06); and engaging in various aspects of discovery such as document production and scheduling depositions, id., exh. A thereto (doc. 35-2) at 9 (entry 11/21/06); at 11 (entry 2/1/07); and at 12 (entries 2/5/07; and 2/6/07).  In short, as just shown, not only

- 13 -

1   are plaintiff's objections lacking in the requisite specificity,

2   but they are somewhat misleading.  Accordingly, plaintiff has not

3   provided a sufficient basis for reducing, much less denying,

4   defendants' motion for attorneys' fees.

5       Even if the court were to deem plaintiff's objections

6   sufficiently specific, the result would be the same: defendants are

7   entitled to recover the full amount of the attorneys' fees which

8   they are seeking.  Defendants are entitled to that full recovery

9   because when the court reviews defense counsel's billing entries

10  one-by-one, instead of grouping them as did plaintiff, it finds

11  reasonable the fees which defendants incurred in successfully

12  defending this action.

13      Finally, the court observes that while fee requests do have

14  the potential for becoming the proverbial "tail wagging the dog,"

15  this is not such a case.  Defendants successfully defended this

16  action.  Norquay and Prefab entered into a contract well before

17  this litigation, expressly authorizing the "prevailing party" to

18  recover its attorneys' fees.  DSOF, exh. 1 (doc. 18-2) thereto at

19  10, Article 14.4.  What is more, the fees incurred were reasonable.

20  Therefore, for the reasons set forth above,

21      IT IS ORDERED that "Defendants' Motion for Attorneys' Fees"

22  (doc. 35) is GRANTED in the amount of $21,540.00.

23      DATED this 8th day of May, 2008.

24

25

26  _____
    Robert C. Broomfield

27  Senior United States District Judge

28  Copies to counsel of record